Huisking Investments, Inc. v. Commissioner.
Huisking Invs. v. Commissioner
Docket No. 3490.
United States Tax Court
1945 Tax Ct. Memo LEXIS 341; 4 T.C.M. (CCH) 41; T.C.M. (RIA) 45020; January 17, 1945
A. Loeb Salkin, Esq., for the petitioner. Francis X. Gallagher, Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion This proceeding involves a deficiency in income and declared value excess profits taxes for the years and in the amounts as follows: Declared
Value Excess
Taxable Year
Income Tax
Profits Tax
1940
$ 3,621.09
$2,453.50
1941
10,546.59
4,326.48
The sole question involved is whether certain payments made by petitioner during the taxable years constituted interest, deductible under section 23(b) of the Internal Revenue Code. Findings of Fact Petitioner is a corporation organized under the laws of the State of Delaware on January 8, 1929. Petitioner's tax returns for the taxable years in *342 question were filed with the collector of internal revenue for the district of Delaware at Wilmington, Delaware. Petitioner is on the cash receipts basis. Charles L. Huisking and his wife, Catherine Frances Huisking, desired to effect a gradual distribution to their children of a substantial portion of their holdings of divers stocks and bonds. They were the parents of seven children. Acting upon the advice of and according to a plan worked out by an accountant, Huisking and his wife organized the petitioner corporation. According to the plan Mr. and Mrs. Huisking would transfer and assign various of the stocks and bonds owned by them to the corporation in consideration of the issuance and delivery by the corporation to them, or their nominees, of shares of stock of the corporation and its debenture bonds in such proportion that the aggregate face amount of the debenture bonds so to be issued by the corporation would be equal to the fair value of the bonds transferred to it by the Huiskings, and the stock to be issued by the corporation would represent the fair value of the stock transferred by the Huiskings to the corporation. The consummation of the plan would permit Mr. and *343 Mrs. Huisking to distribute to their children the stocks and bonds issued by the corporation, leaving the directors and officers of that corporation the full right to deal freely with stocks and bonds transferred to it. The certificate of incorporation of the petitioner authorized the issuance of 12,500 shares of stock of which 7,500 shares were to be class A voting common stock, without nominal or par value, and 5,000 shares were to be class B nonvoting common stock of no par value. The stock could be issued for such consideration as might be fixed from time to time by the board and was not assessable after the consideration required had been fully paid. Petitioner had power and authority to deal in securities of all kinds, to borrow money and to issue bonds, debentures, notes, and other evidences of indebtedness. Immediately after the incorporation of the petitioner, Huisking and his wife delivered to it a formal offer to sell it certain listed industrial, railroad and utility bonds with a stated value of $637,548.75 of which sum $300,000 represented bonds of the Charles L. Huisking & Co., Inc., Government bonds with a stated value of $22,222.50, bank, insurance and financial *344 stocks of a stated value of $176,816.25, and railroad and industrial stocks of a stated value of $195,742.67 in exchange for 1410 shares of class A stock, 2,400 shares of class B stock and $650,000 in its interest-bearing debenture bonds. By resolution, dated January 8, 1929, petitioner's board of directors accepted the offer and made deliveries of stocks and bonds to the Huiskings and their designees as follows: Name of
Debenture
Shares of
Owner
Bonds
Stock
Charles L. Huisking
$205,000
1410 Class A
Catherine Frances
Huisking
200,000
1350 Class B
Charles L. Huisking, Jr.
35,000
150 Class B
William W. Huisking
35,000
150 Class B
Edward P. Huisking
35,000
150 Class B
Francis R. Huisking
35,000
150 Class B
Richard V. Huisking
35,000
150 Class B
Evelyn F. Huisking
35,000
150 Class B
Jean M. Huisking
35,000
150 Class B
$650,000
3810
At all times from January 8, 1929 down to and including January 1, 1942, the total amount in face value of petitioner's debenture bonds outstanding was $650,000. The ownership of the entire issued class "A" stock, the only voting stock, remained in Charles L. Huisking at all times from the date of issuance *345 down to and including January 1, 1942, and class "B" shares have remained the property of Mrs. Huisking and the children. Petitioner paid no formal dividends during 1938, 1939, 1940, or 1941, One formal dividend of an unknown amount was paid sometime prior to January 1, 1937. During 1938 petitioner received interest income in the amount of $18,000 and dividend income in the amount of $10,643.37, and it paid out to the holders of its debenture bonds interest amounting to $26,000. During 1939 petitioner received interest income of $18,000 and dividend income of $13,238.67, and it paid out as interest to its bondholders $37,375.00. During 1940 petitioner received dividends of $15,980.59, interest of $16,500 and it paid out to its bondholders as interest $35,750.00. In 1941 it received dividends of $21,381.33, interest of $19,500.00 and paid out interest to its bondholders in the amount of $54,250.00. All of the interest received by petitioner during the foregoing years was received from its holdings of Charles L. Huisking & Co., Inc. bonds. During the four-year period from 1938 to 1941, inclusive, interest accrued by petitioner on its outstanding debenture bonds amounted to $156,000. *346 During the same period petitioner paid its debenture holders as interest a total of $153,375.00. As of the respective dates set out below, the holders of the so-called debentures and stock of petitioner were as follows: No. of Shares
Held on Jan. 1,
Amount of Bonds Owned
Name of Owner
1940, 1941, 1942
1/1/1940
1/1/1941
1/1/1942
Catherine Frances Huisking
1,200 Class "B"
$173,000
$141,000
$ 97,000
Charles L. Huisking
1,410 Class "A"
143,000
111,000
20,000
Charles L. Huisking, Jr.
150 Class "B"
35,000
43,000
62,000
William W. Huisking
150 Class "B"
35,000
43,000
53,000
Edward P. Huisking
150 Class "B"
35,000
43,000
62,000
Francis R. Huisking
150 Class "B"
35,000
43,000
53,000
Richard V. Huisking
150 Class "B"
35,000
43,000
60,000
Evelyn F. Huisking
150 Class "B"
53,000
61,000
81,000
Jean M. Huisking
150 Class "B"
53,000
61,000
81,000
Claire F. Huisking
150 Class "B"
53,000
61,000
81,000
3,810
$650,000
$650,000
$650,000 Petitioner's outstanding debentures were called Huisking Investments, Inc. 6 Per Cent Debenture Bonds. For value received petitioner promised to pay a stated principal sum *347 on the 1st of January 1951, and until the principal was payable, to pay interest on the principal sum from January 1, 1929, at the rate of 6% per annum in equal semi-annual payments under the conditions set forth below. The bonds were transferable on the books of the corporation. The debentures contained the following provisions: "1. This debenture is subject in all respects and subordinate to the claims of all creditors of the Corporation, and upon the dissolution or liquidation of the Corporation no payment shall be due or payable on this debenture unless and until all other creditors of the Corporation shall have been paid in full, or the amount of any disputed claim has been duly bonded. "2. Interest on the debentures of this series may, at the option of the Corporation, be deferred or suspended, and may be paid or unpaid, at the option of the Corporation, in whole or in part. "3. The debentures of this series are subject to redemption at par and accrued interest, if any is authorized by the directors, to be paid on any interest date in whole or in part, pro rata at any time on thirty days' prior notice given to the registered holder in such manner as the Board of Directors *348 may by resolution authorize, and after the date fixed in such notice of redemption, interest, if any authorized, shall cease. * * * * *
"5. No holder of this debenture shall have any right to institute any suit, action or proceeding in equity or at law upon this debenture unless the holders of sixty per cent in amount of all debentures of all series voluntarily consent and join in such suit, action or proceeding." In computing corporate net income for the taxable year ended December 31, 1940, petitioner deducted the sum of $35,750 as interest paid, and for the taxable year 1941, petitioner deducted $54,250 as interest paid. The respondent has disallowed the deductions and it is these amounts that are involved in the instant proceeding. Opinion ARUNDELL, Judge: The only question involved is whether the payments made by petitioner during the taxable years to the debenture holders were payments of interest within the meaning of section 23(b) of the Internal Revenue Code, or whether they are to be regarded as dividend distributions. The same question, based upon an instrument which is in all material respects identical with the one here considered and *349 based upon substantially similar facts, was before us in Charles L. Huisking & Co., Inc., 4 T.C. 595, which we have just considered. For the reasons set forth in our opinion in that case we conclude that the debentures issued by petitioner are more nearly like preferred stock than an indebtness and the so-called interest may not be deducted under section 23(b) of the Internal Revenue Code. Decision will be entered under Rule 50.